IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JESSE ELIJAH ROGERS,

    Plaintiff,
v.                                             CASE NO. 5:17-cv-161-MCR-GRJ

SHERIFF JOHN TATE,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff initiated this case by filing a complaint pursuant to 42 U.S.C. § 1983, and has been granted leave to proceed as a pauper by separate order. The Complaint is before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2), governing proceedings *in forma pauperis*. The IFP statute provides that the Court shall dismiss a complaint if it is "(i) frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." For the following reasons, it is respectfully recommended that the Complaint be dismissed for failure to state a claim upon which relief may be granted.

The Complaint stems from the conditions of confinement at Holmes County Work Camp. Plaintiff is a pretrial detainee at the Camp. The Court

takes judicial notice that Plaintiff is the defendant in a felony criminal case pending in the Florida Fourteenth Judicial Circuit: *State v. Rogers*, Case No. 2017-CF-000161 (Holmes County). The docket reflects that Plaintiff made his first appearance on April 27, 2017, the information was filed on June 6, 2017, and Plaintiff invoked his right of self-representation in court on June 7, 2017. *Id*.; see ECF No. 1.

In the instant Complaint, Plaintiff contends that his Sixth Amendment right of access to court is being violated because Sheriff John Tate does not provide self-represented criminal inmates at the Work Camp with access to an adequate law library or paralegal. Plaintiff contends that he cannot properly represent himself in his criminal case without such access, and that the denial of such access is impeding his other rights, including his right to a speedy trial. Plaintiff seeks injunctive relief requiring the Sheriff to budget funds and provide access to an adequate law library or paralegal for self-represented inmate litigants incarcerated at the Work Camp. ECF No. 1 at 5-7.

Plaintiff's claim is foreclosed by Eleventh Circuit precedent. The Eleventh Circuit has held that a *pro se* criminal defendant has no constitutional right of access to a law library or legal materials where counsel has been offered. *Edwards v. United States*, 795 F.2d 958, 961

nn. 1 & 3 (11th Cir.1986) (rejecting a collateral challenge to a criminal conviction based on the denial of library access while the petitioner proceeded *pro se* at trial, and concluding that "[w]hen counsel is offered the alternative of a library is not mandatory"); *United States v. Denton*, 535 Fed. Appx. 832 (11th Cir. 2013) (unpublished) (reaffirming holding in *Edwards* in case alleging denial of access to court during *pro se* criminal defendant's prosecution).[1] In *Denton*, the Eleventh Circuit explained that:

> Under the Sixth Amendment, as interpreted in [*Faretta v. California*, 422 U.S. 806 (1975)], criminal defendants have a right to waive the assistance of counsel and represent themselves when they voluntarily elect to do so with knowledge of the disadvantages of self-representation. *Faretta*, 422 U.S. at 807, 835, 95 S.Ct. at 2527, 2541. Nothing in *Faretta* or the Sixth Amendment, however, expressly establishes that a defendant who has knowingly elected to proceed *pro se* has a right of access to a law library or legal materials. *See Kane v. Garcia Espitia*, 546 U.S. 9, 10, 126 S.Ct. 407, 408, 163 L.Ed.2d 10 (2005) (noting, in the context of habeas review under 28 U.S.C. § 2254, that "*Faretta* says nothing about any specific legal aid that the State owes a pro se criminal defendant" and so does not "clearly establish" a pro se defendant's right to access a law library). *Faretta* itself recognized that "[w]hen an accused manages his own defense, he relinquishes, as a purely factual matter, many of the traditional benefits associated with the right to counsel." 422 U.S. at 835, 95 S.Ct.

---

[1] Pursuant to 11th Cir. Rule 36-2, unpublished opinions are not binding precedent but may be cited as persuasive authority.

>at 2541. . . . Although Denton takes issue with the soundness and adequacy of our decision in *Edwards*, we are bound by that decision under the prior panel precedent rule unless and until it is overruled by the Supreme Court or this Court sitting en banc. *Denton*, 535 Fed. Appx. At 835.

*Edwards* remains binding precedent in this Circuit. *Id*. Therefore, Plaintiff's Complaint alleging a Sixth Amendment violation due to an inadequate law library or other legal aids fails to state a claim upon which relief may be granted.

To the extent that Plaintiff contends the state court erred under *Faretta* when Plaintiff invoked his right of self-representation, such a claim is not properly raised by way of a civil rights complaint. If Plaintiff is convicted in his underlying criminal case, such a claim would be asserted by way of a federal habeas corpus petition, after first exhausting his state remedies. Pursuant to the *Younger* abstention doctrine, this Court will not interfere with pending state criminal proceedings. *Younger v. Harris*, 401 U.S. 37, 41, 45 (1971) (describing "the national policy forbidding federal courts to stay or enjoin pending state court proceedings except under special circumstances" and noting that "the normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is

not to issue such injunctions"). "Since the beginning of this country's history Congress has, subject to few exceptions, manifested a desire to permit state courts to try state cases free from interference by federal courts." *Id.* at 43. Plaintiff's Complaint does not suggest that any exception to *Younger* is present in this case.

Accordingly, for the foregoing reasons, it is respectfully **RECOMMENDED** that this case should be **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** this 21st day of June 2017.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**