IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JESSE ELIJAH ROGERS,

    Plaintiff,
v.	CASE NO. 5:17-cv-161-MCR-GRJ

SHERIFF JOHN TATE,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

This case is before the Court on ECF No. 10, Plaintiff's "motion to recall opinion and reopen case," which has been referred to the undersigned.  ECF No. 11.  This case was dismissed on July 10, 2017, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.  ECF No. 7.  For the following reasons, the undersigned recommends that Plaintiff's motion, construed as a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b), be denied.

Plaintiff initiated this case by filing a complaint pursuant to 42 U.S.C. § 1983. ECF No. 1.  The Complaint stems from the conditions of confinement at Holmes County Work Camp.  The Complaint alleged that Plaintiff was a pretrial detainee at the Camp.  Plaintiff contends that his Sixth Amendment right of access to court is being violated because Sheriff

John Tate does not provide self-represented criminal inmates at the Work Camp with access to an adequate law library or paralegal. Plaintiff contends that he cannot properly represent himself in his criminal case without such access, and that the denial of such access is impeding his other rights, including his right to a speedy trial. The Complaint sought injunctive relief requiring the Sheriff to budget funds and provide access to an adequate law library or paralegal for self-represented inmate litigants incarcerated at the Work Camp. ECF No. 1 at 5-7.

In its report and recommendation, the Court concluded that Plaintiff's claim is foreclosed by Eleventh Circuit precedent. ECF No. 5. The Eleventh Circuit has held that a *pro se* criminal defendant has no constitutional right of access to a law library or legal materials where counsel has been offered. *Edwards v. United States*, 795 F.2d 958, 961 nn. 1 & 3 (11th Cir.1986) (rejecting a collateral challenge to a criminal conviction based on the denial of library access while the petitioner proceeded *pro se* at trial, and concluding that "[w]hen counsel is offered the alternative of a library is not mandatory"); *United States v. Denton*, 535 Fed. Appx. 832 (11th Cir. 2013) (unpublished) (reaffirming holding in *Edwards* in case alleging denial of access to court during *pro se* criminal

defendant's prosecution).[1] In *Denton*, the Eleventh Circuit explained that:

> Under the Sixth Amendment, as interpreted in [*Faretta v. California*, 422 U.S. 806 (1975)], criminal defendants have a right to waive the assistance of counsel and represent themselves when they voluntarily elect to do so with knowledge of the disadvantages of self-representation. *Faretta*, 422 U.S. at 807, 835, 95 S.Ct. at 2527, 2541. Nothing in *Faretta* or the Sixth Amendment, however, expressly establishes that a defendant who has knowingly elected to proceed *pro se* has a right of access to a law library or legal materials. *See Kane v. Garcia Espitia*, 546 U.S. 9, 10, 126 S.Ct. 407, 408, 163 L.Ed.2d 10 (2005) (noting, in the context of habeas review under 28 U.S.C. § 2254, that "*Faretta* says nothing about any specific legal aid that the State owes a pro se criminal defendant" and so does not "clearly establish" a pro se defendant's right to access a law library). *Faretta* itself recognized that "[w]hen an accused manages his own defense, he relinquishes, as a purely factual matter, many of the traditional benefits associated with the right to counsel." 422 U.S. at 835, 95 S.Ct. at 2541. . . . Although Denton takes issue with the soundness and adequacy of our decision in *Edwards*, we are bound by that decision under the prior panel precedent rule unless and until it is overruled by the Supreme Court or this Court sitting en banc. *Denton*, 535 Fed. Appx. At 835.

*Edwards* remains binding precedent in this Circuit. *Id*. Therefore, Plaintiff's Complaint alleging a Sixth Amendment violation due to an inadequate law library or other legal aids fails to state a claim upon which

---

[1] Pursuant to 11th Cir. Rule 36-2, unpublished opinions are not binding precedent but may be cited as persuasive authority.

relief may be granted.

The report and recommendation further concluded that to the extent Plaintiff contends the state court erred under *Faretta* when Plaintiff invoked his right of self-representation, such a claim is not properly raised by way of a civil rights complaint.  If Plaintiff is convicted in his underlying criminal case, such a claim would be asserted by way of a federal habeas corpus petition, after first exhausting his state remedies.

The report and recommendation was entered on June 21, 2017, and mailed to Plaintiff at his address of record at the Holmes County Work Camp.  ECF No. 5.  It was returned as undeliverable, and the Clerk was unable to identify a different address for Plaintiff.  ECF Nos. 5, 6.  The district judge adopted the report and recommendation on July 10, 2017.  ECF No. 7. The judgment and order were also returned to the Court as undeliverable on July 10, 2017.  ECF No. 9.

Plaintiff's motion for relief from judgment, ECF No. 10, was filed on January 5, 2018.  As grounds for the motion, Plaintiff argues that he did not receive notice and opportunity to be heard with respect to the dismissal.  Plaintiff alleges that he did not receive confirmation that this case had been

filed. Plaintiff also contends that he provided the Court with a notice of change of address on June 21, 2017. Plaintiff does not explain where he was housed such that a notice of change of address was necessary, and the pending motion was mailed from the Holmes County Jail at the same address provided by Plaintiff in the Complaint. That is the address that was used by the Court in its mailings to Plaintiff. The Court's docket does not reflect that Plaintiff ever filed a change of address with the Court.

Pursuant to Fed. R. Civ. P. 60(b), the court may relieve a party from a final judgment, order, or proceeding based on mistake, newly discovered evidence, fraud, the judgment is void, the judgment has been satisfied, released or discharged, or any other reason that justifies relief.

In this case, Plaintiff's motion identifies no grounds that justify relief from the judgment of dismissal entered almost six months ago. Plaintiff has provided no support for his assertion that his address changed while this case was pending, or that he provided the Court with notice of any change of address. Moreover, Plaintiff makes no argument that the Court erred in dismissing the Complaint for failure to state a claim upon which relief may be granted. *See* ECF No. 10. To the extent that Plaintiff believes he can state a claim for relief with respect to his current conditions of confinement, the Court's judgment of dismissal does not preclude

Plaintiff from initiating another civil rights case.  *See* ECF Nos. 7, 8.

Accordingly, it is respectfully **RECOMMENDED** that Plaintiff's motion for relief from judgment, ECF No. 10, should be **DENIED.**

**IN CHAMBERS** this 9th day of January 2018.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**